[Civ. No. 8859. Third Dist. July 13, 1956.]

LAURA M. TRAWEEK et al., Respondents, v. MADELINE S. DRAPER, Appellant.

Horace E. Dunning for Appellant.

Virgil O'Sullivan for Respondents.

McMURRAY, J. pro tem.*—Madeline S. Draper filed a complaint in the Fair Oaks Justice Court, alleging property damage to her automobile in the sum of $189.42, alleged to be the result of a collision between the automobile which she drove with that driven by W. S. Traweek, in which his wife, Laura M. Traweek, was riding. W. S. Traweek and two fictitious defendants were named in that action; he was the only one served. Thereafter, Mr. and Mrs. Traweek filed a pleading in the justice court under the same docket and case number entitled "Answer, Cross-complaint, Complaint," in the name of W. S. Traweek, John Doe and Jane Doe as "defendants," W. S. Traweek as "defendant and cross-complainant," and Laura M. Traweek and W. S. Traweek as "plaintiffs." The amount sought by this cross-complaint and so-called complaint exceeded the jurisdictional limits of the justice court, and on the same day that this document was

*Assigned by Chairman of Judicial Council.

filed the whole case was certified to the superior court on that basis. Thereafter, Madeline S. Draper's "Answer to Cross-complaint and Answer to Complaint" was filed in the justice court and was forwarded to the superior court. Subsequently, pursuant to stipulation there was filed in the superior court Madeline S. Draper's "Amended Answer to Complaint," and counsel for both parties also entered into a written stipulation permitting the amendment of the Traweeks' complaint as to its prayer for damages.

On the morning the action was called for trial in the superior court it was for the first time called to the attention of the parties that the record of the case failed to show any order of court, stipulation, or other evidence in the file permitting Laura M. Traweek to become a party to the action. Appellant immediately orally moved the court to strike the complaint of Laura M. Traweek and W. S. Traweek from the record and to dismiss Mrs. Traweek from the action. The court postponed ruling on this motion at that time and made an order taking the case off the trial calendar and placing it on the law and motion calendar. Appellant filed a formal written motion to strike out or to dismiss the pleading of Laura M. Traweek. This motion was denied, and the case was reset and tried before a jury. At the time of trial the court announced that it would consider and assume that the Traweeks were the plaintiffs and that Madeline S. Draper was the defendant. A jury subsequently returned a verdict awarding $1,050 damages in favor of W. S. Traweek and $10,000 in favor of Laura M. Traweek.

Appellant contends that when the superior court denied her motion to strike and proceeded to hear the case, Laura M. Traweek was not a party to the action, and the superior court had never acquired jurisdiction of her person; and, therefore, the court acted without or in excess of its jurisdiction insofar as rendering judgment in favor of Laura M. Traweek is concerned; and that, therefore, that portion of the judgment is void. She further urges that by reason of such judgment against her, the appellant is an aggrieved party, because the statute of limitations had run against the cause of action of Laura M. Traweek before the trial of the action; and that within the period of the statute of limitations she had never become a party to the action. ■ Admittedly, this is an extremely casual method of pleading and poses some difficulties even with the familiar California rule in mind that

formality of pleadings is not required. We think, however, that the court was well within its powers in allowing the matter to go to trial as to Laura Traweek in view of the fact that appellant never questioned her right to appear in the matter before the day upon which it was to go to trial and did, in fact, by particular answer deny all of the allegations contained in the so-called complaint of Laura M. Traweek.

Code of Civil Procedure, section 387, which governs the right to intervene in a pending action, would certainly have given respondent Laura Traweek a right to intervene had she proceeded properly. This right is one which must be availed of in a timely manner and is customarily accompanied by leave of court to intervene. Where, as here, however, the adverse party raises no question as to the right to intervene but treats the complaint which is filed as a valid complaint and joins issue thereon, it would appear that the failure to obtain the court's permission to intervene was a mere informality. Furthermore, the hearing upon the so-called motion to strike after the answer to the complaint had been filed would appear to be tantamount to a motion to strike upon an intervention improperly granted; and the court's action in denying the motion to strike may well be taken to be the same thing as allowing the complaint in intervention to be filed.

Whether or not the language "at any time before trial" contained in section 387 of the Code of Civil Procedure means that the complaint in intervention must be filed before the commencement of the trial, or otherwise, it would appear that here the complaint in intervention would be timely filed as of the morning of trial. (See *Coburn* v. *Smart*, 53 Cal. 742 at page 744.) An irregularity in intervention or the propriety of granting an order in intervention may not be attacked after demurring to a complaint or petition for intervention. (163 A.L.R. 917.) In that annotation it appears that interposing a demurrer to a complaint or petition in intervention is a waiver of the right to stand upon a motion to strike. Here the filing of an answer should have the same effect. In *Bloom* v. *Waxman*, 48 Cal.App.2d 646 [120 P.2d 509], it is held that in the absence of an objection to the filing of a complaint in intervention, by demurrer, motion to strike, or other appropriate proceeding, a party may not for the first time on appeal raise the objection that the order of the trial court permitting the intervention was improper. This persuades us that the allowance of an improper inter-

vention is not jurisdictional. There would seem to be no reason that where the same accident gave rise to the intervener's cause of action as gave rise to the other respondent's and appellant's cause of action, she should not be allowed to intervene. The belated attack upon the complaint filed by Laura M. Traweek, we believe, was barred by appellant's having filed an answer specifically traversing the allegations of that complaint. (163 A.L.R. 917.) The mere fact that the statute of limitations had run as against Laura Traweek before the commencement of the trial of the action does not, we believe, affect the court's action in this matter, as her so-called complaint was filed well within the statutory period as was the appellant's answer and amended answer thereto.

The judgment appealed from is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 6, 1956.